UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL D.,[1]<br><br>                  Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                  Defendant. | Case No.: 22cv1312-LR<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>**[ECF Nos. 21, 22]** |

Pending before the Court is Plaintiff's counsel's "Motion for Authorization of Attorney's Fees Pursuant to 42 U.S.C. § 406(b)" ("Motion for Attorney's Fees"). (ECF No. 14.) For the reasons set forth below, the Court **GRANTS** the Motion for Attorney's Fees and Amended Motion for Attorney's Fees [ECF Nos. 21, 22].

## I. PROCEDURAL BACKGROUND

On September 2, 2022, Plaintiff Daniel D., filed a civil Complaint against Defendant, the Commissioner of Social Security, seeking judicial review of the denial of

---

[1] The Court refers to Plaintiff using only his first name and last initial pursuant to the Court's Civil Local Rules. See S.D. Cal. Civ. R. 7.1(e)(6)(b).

his application for social security disability benefits. (ECF No. 1.) On September 1, 2023, the Court issued an order granting Plaintiff's merits brief and remanding for further proceedings. (See ECF No. 15.)

On November 17, 2023, the parties filed a "Joint Motion for Attorney's Fees Under the Equal Access to Justice Act" seeking $8,000.00 in attorney's fees and costs of $402.00. (ECF No. 18.) On November 30, 2023, the Court granted the motion and awarded attorney's fees in the amount of $8,000.00 and costs in the amount of $402.00 pursuant to the EAJA. (ECF No. 19.)

On February 28, 2025, Plaintiff's counsel, Sherianne Laba, filed a Motion for Attorney's Fees seeking an attorney's fee award of $31,424.20 under 42 U.S.C. § 406(b). (ECF No. 21.) She argues that the fee is reasonable considering the nature of his representation and the results he achieved in this case. (Id. at 3–7.) On March 7, 2025, Plaintiff's counsel submitted a copy of a fee agreement, signed by Plaintiff and counsel, in which Plaintiff agrees to pay 25 percent of any past-due benefits awarded. (ECF No. 22.)

On March 10, 2025, Defendant filed a response to Plaintiff's counsel's motion. (ECF No. 23.) Defendant asserts that the Commissioner of Social Security does not have a financial stake in the outcome of Plaintiff's counsel's motion, "plays a part in fee determination resembling that of a trustee for the claimants," and "neither supports nor opposes [Plaintiff's] counsel's request for attorney's fees under 42 U.S.C. § 406(b)." (Id. at 2.)

## II.  LEGAL STANDARD

Section 406(b) governs an attorney's right to recover fees in a case where a judgment was rendered in favor of a Social Security disability insurance claimant. A district court may award "reasonable" attorney's fees, not to exceed twenty-five percent of the total past-due benefits awarded to the claimant. See 42 U.S.C. § 406(b)(1)(A); Gisbrecht v. Barnhart, 535 U.S. 789 (2002). The United States Supreme Court has explained that:

> § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

Gisbrecht, 535 U.S. at 807 (internal citation and footnote omitted).

In cases in which a contingency fee agreement exists, a district court should first look to the agreement and then test it for reasonableness. See id. at 808. When evaluating the reasonableness of a fee request under 42 U.S.C. § 406(b), a district court should consider the character of the representation and the results achieved. See id.; Crawford v. Astrue, 586 F.3d 1142, 1151 (9th Cir. 2009). District courts examine the following factors: (1) whether counsel's performance was substandard; (2) whether counsel engaged in dilatory conduct; and (3) whether the requested fees are excessively large in relation to the benefits achieved, *i.e.*, whether the attorney enjoyed a "windfall." Crawford, 586 F.3d at 1151–52.

The attorney's fee award under 42 U.S.C. § 406(b) is paid by the claimant out of the past-due benefits awarded. Gisbrecht, 535 U.S. at 802. The EAJA also permits an attorney to receive fees for a successful Social Security representation. See Parrish v. Comm'r Soc. Sec. Admin., 698 F.3d 1215, 1216–17 (9th Cir. 2012). Fees awarded pursuant to the EAJA are paid by the government rather than the claimant. Id. at 1218. Attorneys are permitted to seek recovery under both 42 U.S.C. § 406(b) and EAJA, and to keep the larger fee, but they must refund the smaller fee to the claimant. See Gisbrecht, 535 U.S. at 796; Parrish, 698 F.3d at 1218.

/ / /

/ / /

/ / /

### III.  DISCUSSION

The contingency fee agreement between Plaintiff and his counsel, Sherianne Laba, provides that Plaintiff's counsel would be paid a maximum of twenty-five percent[2] of past-due benefits awarded to Plaintiff.  (See ECF No. 22-1.)  Accordingly, the contingency fee agreement is within the statutory ceiling.  See 42 U.S.C. § 406(b)(1)(A).  The Court therefore needs to analyze the character of the representation and the results achieved to determine reasonableness of the fees Plaintiff's counsel is seeking.  See Crawford, 586 F.3d at 1145; see also Gisbrecht, 535 U.S. at 808.

Plaintiff's counsel successfully represented Plaintiff, successfully demonstrating harmful legal error warranting remand.  (See ECF No. 15.)  Further, because the Commissioner awarded Plaintiff $125,396.80 in past-due benefits on remand, Plaintiff's counsel's representation resulted in the sizeable award to Plaintiff.  (See ECF No. 21-2.)  This was a successful result for Plaintiff that would not have been achieved with a substandard performance by Plaintiff's counsel.  Accordingly, Plaintiff's counsel did not render substandard representation or delayed this litigation.  See Crawford, 586 F.3d at 1151–52.

Additionally, the amount of time Plaintiff's counsel expended on this case is not out of proportion to the fee award.  Twenty-five percent of $125,396.80, the amount that the Commissioner awarded Plaintiff on remand, is $31,424.20.  Plaintiff's counsel seeks an attorney's fee award of $31,424.20, which represents 25 percent of the past-due benefits awarded to Plaintiff.  Plaintiff's counsel expended 40.4 hours of attorney time and 5.6 hours of paralegal time while representing Plaintiff.  (ECF No. 21-3 at 1–2.)

---

[2]  Notably, the cap set forth in 42 U.S.C. § 406(b)(1)(A) limiting attorney's fees to twenty-five percent of past-due benefits applies only to fees for representation before federal court, and not to aggregate fees awarded for representation before both the court and the agency.  Culbertson v. Berryhill, 586 U.S. 53, 54 (2019); see also Ricardo A. v. Saul, Case No.: 3:19-cv-00846-AHG, 2021 WL 718605, at *2 n.3 (S.D. Cal. Feb. 24, 2021) ("[T]he 25% cap set forth in Section 406(b)(1)(A) applies solely to attorney fees for representation in federal court.").

When assessed against the proposed fee award, this amounts to a *de facto* hourly rate of $683.13 for both attorney and paralegal work.  The Court finds that Plaintiff counsel's attorney's fee request is reasonable, as multiple cases in this district have found similar *de facto* hourly rates to be reasonable.  See Crawford, 586 F.3d at 1145–46, 1153 (approving contingent fee awards that resulted in effective hourly rates of $875, $519, and $813.5); Michelle H. v. Berryhill, Case No.: 18-CV-2328 JLS (RNB), 2022 WL 1138146, at *5 (S.D. Cal. Apr. 18, 2022) (finding that although effective hourly rate of $907.76 was "higher than most other hourly rates" awarded in the Southern District of California, the award "more adequately mirrors the risk and complexity of [p]laintiff's case and falls closer to the range of hourly rates anticipated by Crawford."); Antonia M. v. Kijakazi, Case No. 20cv75-MSB, 2021 WL 6051690, at *3 (S.D. Cal. Dec. 21, 2021) (finding that an hourly rate of $966.18 was reasonable, where the requested fee award represented 14.4 percent of past-due benefits awarded to plaintiff); Ayersman v. Berryhill, Case No.: 17-cv-1121-WQH-JMA, 2021 WL 37717, at *2 (S.D. Cal. Jan. 5, 2021) (approving *de facto* rate of $787.40); Richardson v. Colvin, Case No.: 15-cv-1456-MMA-BLM, 2017 WL 1683062, at *2 (S.D. Cal. May 2, 2017) (approving *de facto* rate of $770 and collecting other cases from this district approving *de facto* hourly rates of $519, $656, $666.68, $800, $875, and $902).

Notably, Plaintiff's counsel took Plaintiff's case on a contingency basis when Plaintiff had an unfavorable ruling from the ALJ.  Courts have recognized that "basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss."  Ayersman v. Berryhill, Case No.: 17-cv-1121-WQH-JMA, 2021 WL 37717, at *2 (S.D. Cal. Jan. 5, 2021).  Plaintiff's counsel in this case assumed a substantial risk of nonpayment by agreeing to be paid on a contingency basis, and counsel's work ultimately resulted in a highly favorable outcome for Plaintiff.  The Court also notes that Plaintiff has not filed an opposition to her attorney's fee request.  (See

Docket.) The Court therefore finds that Plaintiff's counsel's attorney's fee request is reasonable. See Crawford, 586 F.3d at 1145.

After an independent review, the Court concludes that the attorney's fees Plaintiff's counsel is seeking pursuant to 42 U.S.C. § 406(b) are reasonable. However, because Plaintiff was awarded $8,000 in fees pursuant to the EAJA, the award of § 406(b) fees must be offset in that amount. See Gisbrecht, 535 U.S. at 796 (proving that an award of § 406(b) fees must be offset by any prior award of attorney's fees granted under the EAJA).

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion for Attorney's Fees [ECF Nos. 21, 22]. The Court awards Plaintiff's counsel, Sherianne Laba, $31,424.20 in attorney's fees. The Court further **ORDERS** Plaintiff's counsel, Sherianne Laba, to reimburse Plaintiff $8,000.00, the amount Plaintiff's counsel received under EAJA.

**IT IS SO ORDERED**.

Dated:  March 12, 2025

Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge